# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50188
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Luis Cervantes-Merlos,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-2177-1

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Juan Luis Cervantes-Merlos appeals his conviction and sentence for illegal re-entry into the United States under 8 U.S.C. § 1326(a) and (b)(2). For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50188

reasonable doubt.  His two-year term of imprisonment does not exceed the maximum in § 1326(a), but his three-year term of supervised release is only authorized by § 1326(b), by virtue of 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).  *Cf.* §§ 3559(a)(5), 3583(b)(3) (setting a one-year maximum for an offense punishable under § 1326(a)).

While Cervantes-Merlos acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.  In addition, Cervantes-Merlos has filed an unopposed motion for summary disposition.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Thus, Cervantes-Merlos is correct that his argument is foreclosed, and summary disposition is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Cervantes-Merlos's motion is GRANTED, and the district court's judgment is AFFIRMED.